**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ANTHONY S. CHURCHWARD**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEAN R. PRESSLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 92A03-1309-CR-351 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITLEY CIRCUIT COURT
The Honorable James R. Heuer, Judge
Cause No. 92C01-1301-FA-10

**March 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dean R. Pressler pleaded guilty to class A felony child molesting, class B felony sexual misconduct with a minor, and class D felony child seduction. On appeal, Pressler challenges the aggregate sixty-year sentence imposed by the trial court, claiming that it is inappropriate in light of the nature of his offenses and his character.

We affirm.

When the victim in this case, M.H., was twelve years old, she and her drug-addicted mother moved in with Pressler. M.H.'s mother had about a two-week relationship with Pressler, following which she moved out and left M.H. in Pressler's care. Shortly after being abandoned by her mother, Pressler began sexually abusing twelve-year-old M.H. on a regular basis. According to the victim, Pressler had sexual intercourse with her thousands of times over the next five years. As a result of the abuse, M.H. gave birth to a child in June 2010 at the age of fourteen and a second child in April 2012 at the age of sixteen.[1] DNA testing later confirmed Pressler's paternity of both children.

M.H. explained that she was scared of Pressler, yet dependent upon him. She described their relationship as like that of a prisoner and warden. In the past, Pressler had secured the home by nailing windows shut and padlocking and tying doors closed. Though she did go to school at times and was allowed to have friends come to the home, Pressler maintained tight controls on M.H. In October 2012, when she was seventeen years old, M.H. finally moved out with the help of a friend.

On December 20, 2012, an inmate at the Whitley County Jail sent a letter to the

---

[1] The first child was put up for adoption, but Pressler and M.H. kept the second child.

2

prosecutor regarding Pressler's relationship with M.H., as well as drug activity at the home. Detectives followed up on this information, and Pressler was arrested the following day on methamphetamine charges. On December 26, the State charged him with class B felony dealing methamphetamine, class D felony possession of precursors, class D felony maintaining a common nuisance, and class A misdemeanor possession of paraphernalia.

While the drug case was pending, detectives interviewed M.H. and obtained other evidence regarding the years of sexual abuse. On January 11, 2003, the State charged Pressler with class A felony child molesting (Count I), class B felony sexual misconduct with a minor (Count II), class D felony child seduction (Count III), and class D felony possession of child pornography (Count IV). The State subsequently added an additional charge of class D felony criminal confinement (Count V). While on pretrial release, Pressler tested positive for marijuana and the trial court revoked his bond.

On July 8, 2013, about a week before the scheduled jury trial, the parties filed a plea agreement with the trial court. Pursuant to the agreement, Pressler pleaded guilty to Counts I, II, and III. The State agreed to dismiss Counts IV and V, as well as all the counts in the separate drug case. Sentencing was left open except the State agreed that the sentences imposed for Counts II and III would be served concurrently. The trial court took the plea agreement under advisement and set the sentencing hearing for August 5, 2013.

At the beginning of the sentencing hearing, Pressler filed a motion to withdraw his plea of guilty, which the trial court denied. The trial court sentenced Pressler to forty-five years for Count I, fifteen years for Count II, and three years for Count III. The court ordered

Count II to be served consecutive to Count I and Count III concurrent with Count II, resulting in a sixty-year aggregate sentence. Pressler now appeals his sentence as inappropriate.

Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Per Appellate Rule 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied.* "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Pressler bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Moreover, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is

inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

In the instant case, the depravity of the crimes is obvious. M.H. came into Pressler's home as an already-neglected child of a drug addict. M.H. was subsequently abandoned by her mother and left in a virtual stranger's care. Shortly thereafter, Pressler, then thirty-four years old, began having sexual intercourse with his twelve-year-old dependent on a regular basis, as well as performing other sexual acts with her. At times, he videotaped M.H. during the sexual abuse and took nude photos of her. The abuse continued over approximately five years, with Pressler often confining her in the home and treating her as a prisoner. Even after M.H. became pregnant and gave birth at age fourteen, he remained undeterred. After the baby was put up for adoption, Pressler impregnated M.H. again within about a year. The nature of the crimes alone supports the enhanced and consecutive sentences imposed here.

An examination of Pressler's character does not alter the equation. Though not of a sexual or violent nature, his criminal history is not insignificant. He has three OWI convictions (two of which were felonies) and one conversion conviction. He also violated bond in this case. Moreover, like the trial court, we are not persuaded that Pressler's guilty plea reflects positively on his character where he attempted to withdraw the plea on the day of his sentencing hearing. Pressler also received a substantial benefit from the State when Counts IV and V were dismissed, as well as the four counts in the separate drug case (including a class B felony), and the State had overwhelming evidence against him on the counts to which he pleaded guilty. *See Lavoie v. State*, 903 N.E.2d 135, 143 (Ind. Ct. App.

2009) ("a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"). *See also Brown v. State*, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009) ("Brown received a substantial benefit from his plea bargain, and the trial court was not obligated to extend to him another benefit in its sentencing order").

Pursuant to the plea agreement, the trial court could have sentenced Pressler up to an aggregate term of seventy years.[2] The trial court, however, imposed sentences on Counts I and II that were slightly less than the maximum, forty-five and fifteen years respectively, and ordered them to be served consecutively. This resulted in a sixty-year aggregate sentence. In light of Pressler's character and the nature of his crimes, which spanned over five years and caused a vulnerable child under his exclusive control to give birth to two children, we conclude that the sentence is not inappropriate.

Judgment affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

[2]   The maximum sentence for Count I, a class A felony, was fifty years. *See* Ind. Code Ann. § 35-50-2-4 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Technical Sess.). The maximum for Count II, a class B felony, was twenty years. *See* I.C. § 35-50-2-5 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Technical Sess.).